IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOT PARK, | ) | CV. NO. 11-00598 DAE-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | DEFENDANTS' MOTION FOR |
| | ) | ATTORNEYS' FEES, COSTS, AND |
| OAHU TRANSIT SERVICES, INC., | ) | STAY BE DENIED |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR
ATTORNEYS' FEES, COSTS, AND STAY BE DENIED

Before the Court is Defendant Oahu Transit System's motion for attorneys' fees, costs, and stay pursuant to Federal Rule of Civil Procedure (FRCP) Rule 41(d). (Doc. # 14.) After careful consideration of the motion, the supporting memorandum, and the attached documentation, the Court FINDS and RECOMMENDS that Defendant's motion be DENIED without prejudice to refile the motion with an attached statement of consultation.[1]

The Court recommends that Defendant's motion for attorneys' fees and costs be denied because it has not filed a statement of consultation. Local Rule

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

54.3(b) states that the "<u>court will not consider a motion for attorneys' fees and related non-taxable expenses</u> until moving counsel advises the court in writing that, after consultation, or good faith efforts to consult, the parties are unable to reach an agreement with regard to the fee award or that the moving counsel has made a good faith effort, but has been unable, to arrange such a conference." (Emphasis added.) Rule 54.3(b) also provides that the "moving party shall initiate this consultation after filing a motion for attorneys' fees" and that the "statement of consultation <u>shall be filed and served by the moving party within fourteen (14) days after the filing of the motion.</u>" (Emphasis added.) The opposing party's responsive memorandum is not due until fourteen days after service of the statement of consultation. See Local Rule 54.3(f) ("Unless otherwise ordered by the court, any opposing party may file and serve a responsive memorandum within fourteen (14) days after service of the statement of consultation."). After reviewing Defendant's motion and the record, it is apparent that Defendant has not filed a statement of consultation. Because Defendant did not file a statement of consultation, the Court FINDS and RECOMMENDS that the motion for attorneys' fees, costs, and stay be DENIED.

Additionally, the Complaint and First Amended Complaint in this case were filed on October 2, 2011 and October 20, 2011. (Docs. # 1, 4.) The

stipulation to dismiss in Civ. No. 10-00445 DAE-KSC was lodged on October 24, 2011, and filed on October 28, 2011.  (Doc. # 14, Ex. G.)  Thus, it appears that this case was brought before Civ. No. 10-00445 DAE-KSC was dismissed.  If Defendant refiles its motion, it is required to brief whether FRCP Rule 41(d) applies even though the instant action was brought prior to the dismissal of the other case.  See FRCP Rule 41(d) (authorizing a court to award costs and a stay if "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant . . . .") (emphasis added).

DATED:  Honolulu, Hawaii, March 27, 2012.

IT IS SO FOUND AND RECOMMENDED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Park v. Oahu Transit Services; Civ. No. 11-00598 DAE-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR ATTORNEYS' FEES, COSTS, AND STAY BE DENIED